IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02270-NRN

DAVID JENSEN,

    Plaintiff,

v.

THOMAS WRIGHT, in his individual and official capacities,

    Defendant.

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND
JURY DEMAND AND DEFENDANT'S DEMAND FOR JURY TRIAL**

---

Defendant Thomas Wright, by and through his counsel, Andrew D. Ringel, Esq. of Hall & Evans, L.L.C., hereby respectfully submits this Answer to Plaintiff's Complaint and Jury Demand and Defendant's Demand for Jury Trial, as follows:

## I. INTRODUCTION

1.    Defendant Thomas Wright ("Defendant") admits Plaintiff David Jensen ("Plaintiff") attempts a variety of claims against Defendant. Defendant denies Plaintiff states any cognizable claim against Defendant. Defendant denies Plaintiff is entitled to any relief sought in Plaintiff's Complaint and Jury Demand ("Plaintiff's Complaint"). Defendant denies the remaining allegations in paragraph 1 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

2. Defendant admits this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendant denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits this Court possesses personal jurisdiction over him. Defendant admits he resides in the State of Colorado. Defendant denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits venue is proper before this Court pursuant to 28 U.S.C. § 1391. Defendant denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendant denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits Plaintiff attempts a variety of claims against Defendant including claims pursuant to C.R.S. § 13-21-113. Defendant denies Plaintiff states any cognizable claim against Defendant. Defendant denies Plaintiff is entitled to any relief sought in Plaintiff's Complaint. Defendant denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

## III. PARTIES

7. Based on information and belief, Defendant admits Plaintiff resides in the State of Colorado. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7 of Plaintiff's Complaint and therefore denies same.

8. Defendant admits he is a citizen and resident of the State of Colorado. Defendant admits he was previously employed by the Town of Basalt Police Department. Defendant admits

he generally acted under color of state law during his employment with the Town of Basalt Police Department. Defendant denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

## IV. STATEMENT OF FACTS

Defendant denies the allegations and characterizations in the subheading prior to paragraph 9 of Plaintiff's Complaint.

9. Defendant admits Plaintiff is a chiropractor and practices as a chiropractor. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's Complaint and therefore denies same.

11. Defendant admits Plaintiff referred his chiropractic patients to massage therapists including Nate Gordon. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiff's Complaint and therefore denies same.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 12 of Plaintiff's Complaint.

12. Defendant admits Trisha Markkula received one or more massages from Mr. Gordon. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 of Plaintiff's Complaint and therefore denies same.

13. Defendant admits Ms. Markkula was a patient of the Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 of Plaintiff's Complaint and therefore denies same.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Complaint and therefore denies same.

15. Defendant admits he was contacted by Ms. Markkula and admits she reported a sexual assault by Mr. Gordon during a message.

16. Defendant admits Mr. Gordon was arrested and charged with sexual assault based on the report of Ms. Markkula.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 17 of Plaintiff's Complaint.

17. Defendant admits there were local newspaper reports regarding the charges filed against Mr. Gordon. Defendant admits additional women reported wrongful conduct by Mr. Gordon during massages he had given them. Defendant denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 18 of Plaintiff's Complaint.

18. Defendant admits he was assigned to investigate the reports related to Mr. Gordon. Defendant does not recall making the stated in quotation marks attributed to him in paragraph 18 of Plaintiff's Complaint., Defendant denies the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the Basalt Police Department informed the public about the allegations against Mr. Gordon because they believed there may be other victims of Mr. Gordon. Defendant denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits the Basalt Police Department investigated the potential of there being other victims of Mr. Gordon by contacting individuals who may have been Mr. Gordon's massage clients. Defendant admits the Basalt Police Department obtained a patient list from the Plaintiff. Defendant admits he called women who may have received messages from Mr. Gordon from the list. Defendant does not recall how many people from the list he called. Defendant admits the patient list had a large number of names on it. Defendant denies the remaining allegations in paragraph 20 of the Plaintiff's Complaint.

21. Defendant admits he spoke with a therapist as part of his investigation. Defendant denies the remaining allegations in paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits Mr. Gordon was charged with multiple counts of sexual misconduct with multiple accusers.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 24 of Plaintiff's Complaint.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant admits he provided evidence to the prosecutors from the Office from the District Attorney for the 5th Judicial District. Defendant denies the remaining allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the investigation included access to information from Plaintiff's offices including computers, books and electronic devices. Defendant denies the remaining allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of Plaintiff's Complaint and therefore denies same.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 37 of Plaintiff's Complaint.

37. Defendant admits prosecutors from the Office of the District Attorney for the 5th Judicial District presented allegations related to Plaintiff to the grand jury. Defendant denies the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendant admits the grand jury indicted Plaintiff for complicity in the criminal activity of Mr. Gordon. Defendant denies the remaining allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of Plaintiff's Complaint and therefore denies same.

41.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Complaint and therefore denies same.

42.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of Plaintiff's Complaint and therefore denies same.

43.     Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 44 of Plaintiff's Complaint.

44.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of the amount of money Plaintiff spent on lawyers.  Defendant denies the remaining allegations in paragraph 44 of Plaintiff's Complaint.

45.     Defendant admits there were some counts dismissed against the Plaintiff dismissed by the prosecution.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 45 of Plaintiff's Complaint and therefore denies same.

46.     Defendant states the transcript of the proceedings of the December 28, 2022, hearing, which appear to be referenced in part in paragraph 46 of Plaintiff's Complaint in its entirety speaks for itself.  Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint inconsistent therewith.  Defendant denies the remaining allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendant states the transcript of the proceedings of the December 28, 2022, hearing, which appear to be referenced in part in paragraph 47 of Plaintiff's Complaint in its entirety speaks for itself.  Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint

7

inconsistent therewith. Defendant denies the remaining allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendant admits upon information and belief the prosecution moved to dismiss the criminal charges against Plaintiff after making a proffer deal with the Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 48 of Plaintiff's Complaint and therefore denies same.

49. Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 50 of Plaintiff's Complaint.

50. Defendant admits the jury found Mr. Gordon not guilty of the charges against him.

Defendant denies the allegations and characterizations in the subheading prior to paragraph 51 of Plaintiff's Complaint.

51. Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Fourth and Fourteenth Amendment Violations
—Malicious Prosecution 42 U.S.C. § 1983)

52. Defendant incorporates herein by reference his responses to the allegations in paragraphs 1-51 of Plaintiff's Complaint as his response to the allegations in paragraph 52 of Plaintiff's Complaint as if fully set forth herein.

53. Defendant admits he generally acted under color of state law and within the scope of his employment as an officer with the Basalt Police Department. Defendant denies the remaining allegations in paragraph 53 of Plaintiff's Complaint.

8

54. Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.

57. Defendant admits the criminal charges against Plaintiff were dismissed. Defendant denies the remaining allegations in paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 of Plaintiff's Complaint and therefore denies same.

64. Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations in paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations in paragraph 66 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
(Fourth and Fourteenth Amendment Violations
—Fabricating Evidence 42 U.S.C. § 1983)

67. Defendant incorporates herein by reference his responses to the allegations in paragraphs 1-66 of Plaintiff's Complaint as his response to the allegations in paragraph 67 of Plaintiff's Complaint as if fully set forth herein.

68. Defendant denies the allegations in paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations in paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations in paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations in paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations in paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations in paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations in paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations in paragraph 75 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
(Violations of State Constitutional Rights C.R.S. § 13-21-131)

76. Defendant incorporates herein by reference his responses to the allegations in paragraphs 1-75 of Plaintiff's Complaint as his response to the allegations in paragraph 76 of Plaintiff's Complaint as if fully set forth herein.

77. Defendant admits he was a peace officer when employed by the Town of Basalt Police Department. Defendant denies the remaining allegations in paragraph 77 of Plaintiff's Complaint.

78. Defendant states the provisions of C.R.S. § 13-21-131(2(b) in its entirety speaks for itself. Defendant denies the allegations in paragraph 78 of Plaintiff's Complaint inconsistent therewith. Defendant denies the remaining allegations in paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations in paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations in paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations in paragraph 81 of Plaintiff's Complaint.

82. Defendant denies the allegations in paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations in paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations in paragraph 84 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Defendant denies all the allegations under the heading "Prayer for Relief" on pages 18-19 of Plaintiff's Complaint including all the allegations in subparagraphs (a) through (g). Defendant denies Plaintiff is entitled to any of the relief sought in Plaintiff's Complaint.

**GENERAL DENIAL**

Defendant denies each and every allegation in Plaintiff's Complaint not specifically admitted in this Answer.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted against Defendant.

2. Plaintiff is not entitled to any relief being sought or claims under any of the legal theories against Defendant.

3. Plaintiff's damages, if any, were proximately caused by his own conduct or the conduct of others and not by reason of any unconstitutional conduct by Defendant.

4. Plaintiff may have failed to mitigate any damages he allegedly sustained as a result of the events described in Plaintiff's Complaint.

5. Plaintiff's damages, if any, are not to the nature and extent alleged.

6. Defendant is entitled to qualified immunity from Plaintiff's claims under federal law against him.

7. Defendant is entitled to absolute immunity under both federal and state law for his testimony before the grand jury.

8. No act or omission of Defendant caused any violation of Plaintiff's constitutional rights.

9. Defendant is not liable for any punitive damages under either federal or Colorado law.

10. All or part of Plaintiff's claims never achieved the level of any constitutional violation sufficient to state a claim under federal or Colorado law.

11. At all times pertinent herein, Defendant acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.

12. In all respects, Defendant behaved in accordance with all applicable authority in all actions or inactions associated with the Plaintiff, negating any claim of liability asserted against him.

13. Defendant's conduct was, at all times, lawful, justified, and privileged and any actions complained of by Plaintiff in relation to Defendant were justified by legitimate law enforcement reasons.

14. Any claim of punitive damages against Defendant in his individual capacity is barred, limited, reduced, or in the alternative, unconstitutional in violation of the rights of Defendant under the Due Processes Clauses of the United States and Colorado Constitutions.

15. Plaintiff's claim for punitive damages under Colorado law is precluded by C.R.S. § 13-21-102(1.5)(a).

16. Defendant is entitled to good faith common law immunity from Plaintiff's claims under Colorado law.

17. Plaintiff's claims under Colorado law are limited and/or subject to all applicable limitations, offsets, or other similar provisions of Colorado law.

18. Defendant specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Thomas Wright, having fully answered the allegations in Plaintiff's Complaint respectfully requests this Court dismiss it in its entirety with prejudice, enter judgment in Defendant's favor and against Plaintiff, and grant such other and further relief as this Court deems just and proper.

Dated this 28th day of October, 2024

Respectfully submitted,

*/s/ Andrew D. Ringel*             .
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO  80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on this 28th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through CM/ECF.

Katherine J. Stimson, Esq.
stimson@slhlegal.com

Carey Bell, Esq.
bell@shlegal.com

                                        */s/ Elizabeth Miller*
                                        Elizabeth Miller, Legal Assistant
                                        Hall & Evans, L.L.C.