IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 24-cv-02270-SKC-NRN

DAVID JENSEN, individually,

    Plaintiff,

v.

THOMAS WRIGHT, individually and in his official capacity,

    Defendant.

---

**JOINT MOTION FOR PROTECTIVE ORDER**

---

    Plaintiff David Jensen and Defendant Thomas Wright, through their counsel, respectfully request that the Court enter a Protective Order over discovery in this matter. The proposed Protective Order is attached as Exhibit A.

    The parties have reviewed the Uniform Civil Practice Standards of the United States Magistrate Judges and have tailored the attached proposed Protective Order accordingly. The Protective Order has been agreed to and fully executed by the parties and is incorporated by reference as if fully set forth herein.

    This case involves criminal proceedings for which the records have been sealed and damages for lost income. Discovery in this case is expected to involve personal financial information; confidential and proprietary information about Dr. Jensen's business; records related to attorneys' fees that may include privileged, confidential, or proprietary

1

information; and records, communications, and other materials subject to the District Court, County of Eagle, State of Colorado's sealing orders in 21CR350 and 22CR202.

Accordingly, a protective order covering this information is necessary. Allowing the parties to designate in good faith documents that fall into the categories identified above, subject to objection from the other party, will "serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention." *Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382, 386 (D. Colo. 2000).

The Protective Order does not offend the public interest in open courts. There is no presumed right of the public to participate in the discovery process or to have access to the fruits of discovery that are not submitted to the Court. In agreeing to the Protective Order and in submitting this joint motion, the parties reserve their right to contest either's assertion of confidentiality in information relevant to the claims and defenses in this case outside discovery process. Entry of the Protective Order would substantially assist the parties to proceed in the discovery process and help them avoid delay.

WHEREFORE, the parties respectfully request that the Court enter the Protective Order, attached hereto as "Exhibit A," and for all such further relief as the Court deems just and proper.

DATED at Denver, Colorado, this 18th day of November 2024.

*s/ Carey Bell*
Kate Stimson
Carey Bell
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, Colorado 80218
Ph/Fx: 720-689-8909
stimson@slhlegal.com
bell@slhlegal.com
*Attorneys for Plaintiff*

*s/ Andrew D. Ringel*
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com
*Attorneys for Defendant*

## Certificate of Service

I certify that the foregoing Joint Motion for Protective Order was served on all parties and filed with the Court via PACER ECF on November 18, 2024.

*s/ Andres L. Varas*
Andres L. Varas