IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 24-cv-02270-SKC-NRN

DAVID JENSEN, individually,

    Plaintiff,

v.

THOMAS WRIGHT, individually and in his official capacity,

    Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is scheduled for November 25, 2024, at 3:00 p.m. before Magistrate Neureiter. Carey Bell of Stimson LaBranche Hubbard, LLC will be appearing on behalf of Plaintiff, and Andrew D. Ringel of Hall & Evans, LLC will be appearing on behalf of Defendant.

### 2. STATEMENT OF JURISDICTION

This Court possesses subject matter jurisdiction over the Plaintiff's claims against the Defendant pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

### 3. STATEMENT OF CLAIMS AND DEFENSES

    a.    Plaintiff:

1

Plaintiff and chiropractor Dr. Dave Jensen brings this action against former Basalt Police Officer, Corporal Thomas Wright. This case began with allegations of sexual misconduct against a massage therapist, Nate Gordon. Corporal Wright decided, without any supporting evidence, that Dr. Jensen was purposefully helping Mr. Gordon sexually assault his clients. To get over the lack of supporting evidence, Corporal Wright started making things up. He told prosecutors that each of Mr. Gordon's accusers had been specifically referred to Mr. Gordon by Dr. Jensen. This was a lie. He told prosecutors that Dr. Jensen specifically referred hot or attractive women to Mr. Gordon. This was a lie. He told prosecutors that Dr. Jensen created a hypersexual environment at his practice that encouraged sexual assault. This too was a lie. Corporal Wright repeated these and other lies and persistently omitted exculpatory information throughout the prosecution of Dr. Jensen.

Through these lies and omissions, Corporal Wright successfully secured charges against and the continued prosecution of Dr. Jensen. It took Dr. Jensen months to clear his name. As a direct result of Corporal Wright's lies and omissions, Dr. Jensen was forced to shutter his chiropractic business, lost hundreds of thousands of dollars in income, suffered incalculable reputational damage, spent months wondering if he was going to spend the rest of his life in prison for something he didn't do, and even lost the will to live.

Dr. Jensen is suing Corporal Wright for malicious prosecution, fabricating evidence, and violations of his federal and state constitutional rights.

b.      Defendant:

Defendant Thomas Wright was formerly employed as a police officer with the Town of Basalt Police Department. As a police officer, Defendant Wright was involved in the investigation of criminal charges of the Plaintiff leading to a prosecution of the Plaintiff by the Office for the District Attorney for the 5th Judicial District. Defendant Wright provided all relevant related to the criminal investigation of the Plaintiff to the District Attorney and the District Attorney, not Defendant Wright, made the decision to prosecute the Plaintiff. At the time the District Attorney made this decision, Defendant Wright was no longer employed by the Town of Basalt Police Department.

Defendant Wright denies he violated any of the Plaintiff's constitutional rights and denies he acted inappropriately in any actions related to the Plaintiff. Defendant Wright also denies Plaintiff is entitled to any of the relief sought in the Complaint. Defendant Wright had legitimate law enforcement reasons supported by an appropriate legal basis for all the actions he took concerning the Plaintiff. Defendant Wright acted reasonably, appropriately, and consistently with appliable law for all the actions he took concerning the Plaintiff.

Defendant Wright relies upon the defenses and affirmative defenses asserted in his Answer filed with the Court on October 28, 2024.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Thomas Wright was an officer with the Town of Basalt Police Department.

2. Defendant Wright was involved in a criminal investigation of the Plaintiff David Jensen and another individual named Nate Gordon.

3. The Office of the District Attorney for the 5th Judicial District prosecuted Dr. Jensen.

## 5. COMPUTATION OF DAMAGES

<u>Plaintiff</u>: Plaintiff is incurring damages on an ongoing basis but, to date, has incurred the following:

1. Lost income: In an amount to be determined at trial.

2. Attorneys' fees incurred in defending the criminal action: To be disclosed upon entry of a protective order regarding Dr. Jensen's financial information.

3. Other financial losses resulting from Corporal Wright's actions and inactions: In an amount to be determined at trial.

4. Compensatory and consequential damages: Plaintiff is seeking compensatory and consequential damages for pain and suffering, emotional distress, embarrassment, humiliation, reputational damage, and loss of enjoyment of life in an amount to be determined at trial.

5. Punitive damages: Plaintiff is seeking punitive damages on all claims allowed by law in an amount to be determined at trial.

6. Attorneys' fees: Plaintiff is seeking attorneys' fees and costs associated with this action on all claims allowed by law.

7. Pre-judgment and post-judgment interest at the highest lawful rate.

8. Any further relief that this Court deems just and proper, and any other relief as allowed by law.

A more precise computation of Plaintiff's damages, to the extent Plaintiff's

damages are subject to such computation, will be provided during the normal course of discovery, and will be determined by a jury in its sound discretion following a presentation of the evidence at trial in this matter.

<u>Defendant</u>: Defendant does not seek damages at this time but reserves the right to seek his attorney's fees and costs pursuant to applicable federal and Colorado law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26(f) meeting.**

The parties held a telephonic Rule 26(f) meeting on November 1, 2024.

**b.     Names of each participant and party he/she represented.**

Carey Bell participated for Plaintiff; Andrew Ringel participated for Defendant.

**c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Rules 26(a)(1) disclosures were made on November 15, 2024, by the Plaintiff and November 19, 2024, by the Defendant.

**d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.     Statement concerning any agreements to conduct informal discovery:**

The parties do not believe informal discovery is necessary here.

**f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to take all reasonable steps to reduce discovery and reduce

costs. The parties agree to utilize a unified numbering system for exhibits.

      **g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

      The parties have discussed possible sources of electronically stored information ("ESI"), including internal emails, text messages, internal messages, call logs, duty logs, notes, audio recordings, and other documents maintained by the Town of Basalt Police Department, the Office of the District Attorney for the 5th Judicial District, and the District Court, County of Eagle, State of Colorado. The parties do not anticipate that their claims or defenses will involve unusually extensive ESI. Where possible, the parties will produce documents in a searchable PDF format. The parties agree to work cooperatively on ESI and the format in which it will be produced. The parties agree that upon request of another party, where reasonably possible to do so, they will additionally produce documents in their native format and/or allow inspection of documents using any proprietary software possessed by one party but not the other. The parties will adhere to the Sedona Principles regarding electronic discovery disputes. The parties have proposed language for a Rule 502(d) order below. The parties agree that, to the extent feasible, they will exchange information in a .PDF electronic format for written documents, unless a specific request for metadata or native format is made, in which case, the parties will address the reasonableness of the request.

      **h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties discussed and will continue to discuss the possibility of early resolution of this matter.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

**a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties have agreed that no modifications are necessary, and each party is permitted ~~10~~ 6 depositions and 25 interrogatories.

**b.   Limitations which any party proposes on the length of depositions.**

Depositions of the Plaintiff and the Defendant will be limited to seven (7) hours. All other depositions will be limited to four hours, except by agreement of the parties or upon a demonstration of good cause to the Court. For fact witnesses, depositions shall not exceed 7 hours for two deponents, all other fact depositions are limited to 4 hours. For retained experts, depositions shall not exceed 7 hours.

**c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to 25 requests for admission and 25 requests for production of documents per party.

**d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

No later than 45 days before the discovery cut-off date.

**e.   Other Planning or Discovery Orders.**

1. Consistent with the notion that no opposed discovery motions can be filed with the Court until the parties comply with D.C.Colo.LCiv. R. 7.1(a), if the parties are unable to reach agreement on a discovery issue after such conferral, they shall follow all discovery dispute procedures within the applicable Civil Practice Standards of the District Court or the Magistrate Judge (or both as the case may be) as to the issue.  Both of these steps must be completed before any contested discovery motions can be filed with the Court.

2. The parties anticipate that a Stipulated Protective Order may be necessary to maintain the confidentiality of proprietary personal, financial, and tax information, as well as information relating to criminal cases that have been sealed.[1]

3. Inadvertent production of privileged or work-product protected documents, ESI or other information is not a waiver of the privilege or production from discovery in this case or in any other federal or state proceeding.  This section shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502.

4. Nothing contained in this Order is intended to limit, or shall serve to limit, a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, segregation of privileged information, or segregation of otherwise protected information before production.

---

[1] All the criminal investigation, prosecution, and judicial records involving the prosecutions of both Nate Gordon and the Plaintiff have been sealed pursuant to appliable Colorado law. The parties are working on obtaining access to all of those records to be able to use them for this litigation. The parties do not anticipate any impediment to accessing the records involving the Plaintiff. However, Mr. Gordon was represented by different counsel in the criminal proceedings and the parties do not know if Mr. Gordon will be amenable to a limited unsealing of his records for use in these

proceedings. Because there is overlap between the investigations and proceedings involving Mr. Gordon and the Plaintiff this may present an issue. The parties will advise this Court if it becomes one but wanted to advise the Court of this as a potential issue.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings: January 9, 2025**.

b. **Discovery Cut-off: August 8, 2025**. The parties have discussed that a significant portion of discovery will consist of documents in the possession of the 5th Judicial District Attorney's Office and the Town of Basalt Police Department and that delays in obtaining those materials could require extending these discovery deadlines.

c. **Dispositive Motion Deadline: September 30, 2025**.

d. **Expert Witness Disclosure**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff: Expert testimony may be provided on policing and damages.

Defendant: Defendant may utilize experts in the areas of criminal investigation and prosecution, related to the Plaintiff's damages, and in any area of expertise of an expert endorsed by the Plaintiff.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

The parties agree to a total of three (3) retained experts with a further limitation of one expert per topic.

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2):**

~~April 18, 2025~~ May 9, 2025.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2): ~~May 23, 2025~~ June 20, 2025.

e. Identification of Persons to Be Deposed:

| Name of Deponent* | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff, Dr. Jensen | TBD | TBD | 7 hours |
| Defendant, Thomas Wright | TBD | TBD | 7 hours |
| Johnny Lombardi | TBD | TBD | 4 hours |
| Amy Padden | TBD | TBD | 4 hours |
| Heidi McCollum | TBD | TBD | 4 hours |
| Nate Gordon | TBD | TBD | 4 hours |
| Other witnesses whose identities are unknown at this time but may be discovered during the course of discovery | TBD | TBD | 4 hours each |

*The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery as well as expert witnesses.

### 10. DATES FOR FURTHER CONFERENCES

a. Telephonic Status conferences will be held in this case at the following dates and times: March 25, 2025, at 2:00 p.m. before Magistrate Judge N. Reid Neureiter in Courtroom A401, Fourth floor, Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294. Five minutes prior to the start of the hearing, the parties shall call the conference line 571-353-2301, Access Code 841686937# to participate.

b. A final pretrial conference will be held in this case on _____ at \_\_\_\_

o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

N/A.

**b.    Anticipated length of trial and whether trial is to the court or jury.**

Five-day jury trial.

**c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wasatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that this Scheduling Order may be amended only upon a showing of good cause.

DATED at Denver, Colorado, this 25th day of November 2024.

BY THE COURT:

*N. Reid Neureiter*

Hon. N. Reid Neureiter
United States Magistrate Judge

APPROVED:

For Plaintiff:

s/ Carey Bell
Kate Stimson
Carey Bell
Stimson LaBranche Hubbard, LLC
1652 Downing Street
Denver, Colorado 80218
Ph/Fx: 720-689-8909
stimson@slhlegal.com
bell@slhlegal.com

For Defendant

s/ Andrew D. Ringel
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
ringela@hallevans.com